THE STATE, DEFENDANT IN ERROR, v. MAMIE DAVIDSON, PLAINTIFF IN ERROR.

Submitted March 23, 1907—Decided June 10, 1907.

Though the caption of the indictment found at a term of the Court of Oyer and Terminer, under which trial was had in the Court of Quarter Sessions, is in the Oyer, and nothing else in the record shows into what court the indictment was returned, and it does not appear how it was transferred to the Quarter Sessions and there appears in the minutes of the Quarter Sessions an order that "all the indictments this day found be retained and filed in said Court of Quarter Sessions for trial or other disposition," it will not be considered that the indictment was returned into the Quarter Sessions and not to the Oyer, and that no order was made in the Oyer directing the handing down of it to the Quarter Sessions for trial; but the Quarter Sessions being a court of general jurisdiction, its proceedings will be assumed to be regular, and all things necessary to give it jurisdiction will be presumed, the contrary not appearing.

---

Before Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff in error, *Wesley B. Stout.*

For the defendant in error, *Henry M. Nevius,* prosecutor of the pleas.

The opinion of the court was delivered by

FORT, J. The defendant was convicted in the Court of Quarter Sessions of the county of Monmouth of keeping a disorderly house. She was indicted by the grand jury of that county at the October Term, 1906, at a Court of Oyer and Terminer held by the justice of the Supreme Court and the judge of the Court of Common Pleas of that county. The caption of the indictment, as returned in the record, is in the

Oyer. Other than the language of the caption of the indictment, nothing in the record shows into what court the indictment was returned.

It appears that the indictment was tried on the 25th day of October, 1906, before the Court of Quarter Sessions of the county, and the record shows the following order made by a judge of that court: "Ordered that all the indictments this day found be retained and ·filed in said Court of Quarter Sessions for trial or other disposition." Why this order was made, and how it came to be made, or how the indictment was transferred to the Quarter Sessions from the Oyer, does not appear.

When the indictment was moved in the Quarter Sessions no objection was made to the jurisdiction of that court, or that proper order had not been made by the Oyer to hand down the indictment to the Quarter Sessions pursuant to statute. *Pamph. L.* 1898, *p.* 869, § 8. The plea to the indictment appears to have been that of not guilty, and to have been taken in the Quarter Sessions. No allegation is made that there was any defect in the indictment itself.

It is now contended here that, because there appears in the minutes of the Court of Quarter Sessions the order above referred to directing that the indictment shall be retained in that court, that this shall be taken as evidence of the fact that the indictment was returned into that court and not to the Oyer, and that no order was made in the Oyer directing the handing down of the indictment to the Quarter Sessions for trial.

We do not think that this contention can be sustained. The Court of Quarter Sessions had jurisdiction over the subject-matter of this indictment. That fact is not questioned. It is a court of general jurisdiction, and its proceedings will be assumed to be regular, and all things necessary to give it jurisdiction will be presumed unless the contrary shall appear.

Another ground upon which this proceeding could have been defeated technically, without considering the question raised, is that there are no assignments of error in the record as required by the practice of this court on error. Nor if this

be deemed to be the entire record under the one hundred and thirty-sixth section of the Criminal Procedure act, are there any grounds stated upon which the plaintiff in error relies for reversal as required by the one hundred and thirty-seventh section of said act. *Pamph. L.* 1898, *p.* 915.

The judgment of the Monmouth Quarter Sessions is affirmed.